IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN CHRISTOPHER COOPER,   *

    Petitioner,   *

v.   *   CIVIL ACTION NO. DKC-10-224

BOBBY P. SHEARIN, WARDEN, et al.,*

    Respondents.   *

    *   *   *   *   *   *   *   *

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND
ORDER TO SHOW CAUSE DATED FEBRUARY 5, 2010

    Pursuant to this Court's Order dated February 5, 2010, and in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents, Bobby Shearin, Warden of the North Branch Correctional Institution, and Douglas F. Gansler, Attorney General of the State of Maryland, by undersigned counsel, hereby answer the pro se petition for a writ of habeas corpus filed by Petitioner Brian Christopher Cooper on January 28, 2010.  By his petition, Cooper attacks his year 2006 judgment of conviction, in the Circuit Court for Baltimore City, Maryland, for first degree murder and related offenses.  For the reasons set forth herein, this Court should dismiss Cooper's petition pursuant to 28 U.S.C. § 2254(b), without holding a hearing, because it appears that the state court remedies available to Cooper have not been exhausted.

## I. INTRODUCTION

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the AEDPA). The provisions of the AEDPA apply to cases filed in this Court after April 24, 1996, and thus, to the extent otherwise applicable, to Petitioner Cooper's case. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Mueller v. Angelone*, 181 F.3d 557, 565-69 (4th Cir.), *cert. denied*, 527 U.S. 1065 (1999).

## II. EXHIBITS

Based on the procedural posture of this case, which is discussed in III., *infra*, Respondents believe that Cooper's federal habeas petition can be resolved based on the documents listed below. Said documents, which are being filed pursuant to Habeas Rule 5, consist of documents pertaining to the judgment that Cooper is challenging in this Court.

Exhibit 1: Circuit Court for Baltimore City docket entries for Case No.102161036.

Exhibit 2: Brief of Appellant in the Court of Special Appeals of Maryland.

Exhibit 3: Brief of Appellee in the Court of Special Appeals of Maryland.

Exhibit 4: Unreported opinion of the Court of Special Appeals of Maryland filed on March 19, 2009, in No. 2483, Sept. Term 2006, together with mandate issued April 20, 2009.

Exhibit 5: Petition for a Writ of Certiorari (without attachments).

Exhibit 6: Order of the Court of Appeals of Maryland dated June 19, 2009.

III.  STATEMENT OF THE CASE

Petitioner Cooper was charged in the Circuit Court for Baltimore City with first degree murder, carrying a concealed deadly and dangerous weapon, and carrying a deadly and dangerous weapon openly with intent to injure. *See* Exhibits 1, 2 & 4. On November 8-13, 2006, he was tried before a jury with the Honorable M. Brooke Murdoch presiding. *Id*. On November 13, 2006, the jury found Cooper guilty of first degree murder, but acquitted him of the weapons offenses. *Id*. He was sentence to serve life in prison.[1] *Id*.

Cooper, through counsel, noted an appeal to the Court of Special Appeals of Maryland, wherein he raised the following claims:

> 1. Did the trial court err in instructing the jury that it could return inconsistent verdicts?
>
> 2. Should the judgment in this case be reversed where the verdicts were inconsistent, defense counsel objected to an instruction condoning the inconsistent verdicts, and the Court of Appeals decision in *Price v. State*[, 405 Md. 10 (2008)] was issued after the trial, but while this appeal was pending?
>
> 3. Did the trial court err in admitting as substantive evidence prior statements of a critical state's witness which did not, in substance, contradict the witness's trial testimony?
>
> 4. Was it error to refuse to admit the prior statements in their entirety under the "doctrine of verbal completeness?"
>
> 5. Is a suspect's failure to turn himself in to the police admissible as evidence of consciousness of guilt?

---

[1] Cooper had been tried and convicted in 2003 on all three offenses but his conviction was reversed on appeal. Exhibit 4 at 5; *see also Cooper v. State*, 163 Md. App. 70 (2005).

Exhibit 2 at 2; *see also* Exhibits 3 & 4.

In an unreported opinion filed on March 19, 2009, the Court of Special Appeals affirmed Cooper's convictions. *See* Exhibit 4. First, the court held that Cooper's direct challenge to the consistency of the verdicts was not preserved for appellate review because no objection to the verdict was made at trial. *Id*. at 7-8. Second, the court found that the trial court did not err in instructing the jury. *Id*. 8-12. Third, the court found that the trial court erred partially with regard to admitting prior statements of a witness, but found this error harmless beyond a reasonable doubt. *Id*. at 12-18. Fourth, the court found that the trial court's decision not to admit the prior statements in their entirety was not an abuse of discretion. *Id*. at 18-21. And, finally, the court held that although the trial court abused its discretion by admitting evidence that Cooper knew he was a suspect in the case, the error was harmless beyond a reasonable doubt. *Id*. at 21-23.

Cooper filed a pro se petition for a writ of certiorari, requesting that the Court of Appeals of Maryland further review his case. *See* Exhibit 5. In that petition, he raised the following questions:

> 1.  Whether the Court erred in instructing the jury that it could return inconsistent verdicts?
>
> 2.  The judgment in this case should be reversed where the verdicts were inconsistent. Defense counsel objected to an instruction condoning the inconsistent verdicts, and the Court of Appeals' Decision in Price v. State was issued after the trial. But while this appeal was pending?
>
> 3.  Whether the Court erred in admitting as substantive evidence prior statements of a critical state's witness which did not, in substance, contradict

4

the witness's trial testimony?

4. Whether the Court erred in refusing to admit the prior statements in their entirety under the "Doctrine of Verbal Completeness"?

5. Whether the Court erred in abuse of discretion in admitting evidence Cooper knew he was a suspect?

*Id*. at 1-2.

On June 19, 2009, Cooper's request for further review was denied. *See* Exhibit 6. Cooper has not pursued state post conviction relief. *See* Exhibit 1; Paper No. 1 at 3.

## IV.  ALLEGATIONS IN THIS COURT

By his petition for a writ of habeas corpus, Cooper claims that he is being detained in state custody illegally and in support states, as best Respondents can discern, that: (A) the trial court erred in accepting inconsistent verdicts; (B) the Court of Special Appeals should have reversed based on inconsistent verdicts because trial defense counsel objected to the court's jury instructions even though trial counsel "failed to object to inconsistent verdict"; (C) the trial court violated the doctrine of verbal completeness by not admitting the prior statements of a witness in their entirety; and (D) the trial court violated his constitutional rights by admitting evidence that he knew he was a suspect in the case. Paper No. 1 at 7.

## V.  COOPER'S PETITION SHOULD BE DISMISSED FOR NON-EXHAUSTION.

28 U.S.C. § 2254 (1996) states as follows in subsections (b) and (c):

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

5

      (A)   the applicant has exhausted the remedies available in the courts of the State; or

      (B)(i)   there is an absence of available State corrective process; or

      (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

   (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

   (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

   (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Pursuant to the exhaustion requirement codified in Section 2254(b) and (c), and absent a valid excuse, a state prisoner seeking federal habeas corpus relief must first present each of his claims to the state courts having jurisdiction to consider them, *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989), including the state's highest court, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (per curiam), *cert. denied*, 528 U.S. 1127 (2000); *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 535-36 (D. Md. 2000). In order for a state prisoner to have satisfied the exhaustion requirement, he must have fairly presented both the same legal claims and the same

supporting facts to each of the appropriate state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Gray v. Netherland*, 518 U.S. at 162-63; *Duncan v. Henry*, 513 U.S. 364, 364-66 (1995) (per curiam); *Satcher v. Pruett*, 126 F.3d 561, 573 (4th Cir.), *cert. denied*, 522 U.S. 1010 (1997); *Gray v. Netherland*, 99 F.3d 158, 161-62 (4th Cir. 1996), *cert. denied*, 519 U.S. 1157 (1997); *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir.), *cert. denied*, 513 U.S. 1047 (1994). If a petitioner has failed in any of these regards and if there remains a reasonable possibility that there is any available procedure, either by way of direct appeal or a post conviction proceeding, for the prisoner to secure review by the state courts, the claim is not exhausted. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. at 161-66; *Meadows v. Legursky*, 904 F.2d 903, 909-10 (4th Cir.) (en banc), *cert. denied*, 498 U.S. 986 (1990).

Where a federal habeas petition presents both exhausted and unexhausted claims and the unexhausted claim or claims would not be entertained by the state court if presented there, the United States Court of Appeals for the Fourth Circuit has said that it considers "the claim to be exhausted and denied on an adequate and independent state-law ground." *George v. Angelone*, 100 F.3d 353, 364-65 n. 14 (4th Cir. 1996), *cert. denied*, 519 U.S. 1103 (1997); *see also Mackall v. Angelone*, 131 F.3d 442, 449-50 (4th Cir. 1997) (en banc) (deeming procedurally defaulted a claim that was not presented to state appellate court, where presentation of claim in state court would now be fruitless), *cert. denied*, 522 U.S. 1100 (1998); *Buchanan v. Angelone*, 103 F.3d 344, 351 (4th Cir. 1996) ("[f]ailure to raise a federal claim in state court bars federal review of the omitted claim"), *aff'd*, 522 U.S. 269 (1998). Except in limited circumstances, *see Rhines v. Weber*, 544 U.S. 269, 276-79 (2005)

(discussing the propriety of staying a "mixed" habeas petition), where state court review remains available, a federal habeas petition presenting both exhausted and unexhausted claims must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). And, "[w]here questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d at 994.

Under Maryland law, Cooper was entitled to direct review of his convictions by the Court of Special Appeals of Maryland as a matter of right and to further review by the Court of Appeals of Maryland in that court's discretion. *See* Md. Code Ann., Cts. & Jud. Proc. Art., §§ 12-201, 12-202, 12-203, 12-301, 12-302, 12-307, & 12-308 (2006 Repl. Vol.). Under Maryland law, Cooper can also collaterally attack his convictions pursuant to the provisions of Maryland's Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 et seq. (2001).[2] Claims of ineffective assistance of counsel are, except in rare circumstances not applicable in Cooper's case, appropriately litigated in post conviction proceedings pursuant to Maryland's Uniform Post Conviction Procedure Act, Md. Code Ann., Crim. Pro. Art., §§ 7-101 - 7-301 (2001). *See Mosley v. State*, 378 Md. 548, 560 836 A.2d 678 (2003); *Perry v. State*, 344 Md. 204, 227-28, 686 A.2d 274, 285 (1996), *cert. denied*, 520 U.S. 1146 (1997).

---

[2] Prior to October 1, 2001, the Maryland Post Conviction Act was codified in Article 27 of the Maryland Code, in Sections 645A through 645-I.

As of October 1, 1995, the Maryland Uniform Post Conviction Procedure Act limited to one the number of petitions for post conviction relief that can be filed at the circuit court level with respect to a particular trial. *See* 1995 Md. Laws, Ch. 110 (amending Article 27, Section 645A of the Maryland Code so as to provide for a single post conviction petition that may be reopened only "in the interests of justice"); *see also Stovall v. State*, 144 Md. App. 711, 800 A.2d 31 (holding, based on state law, that ineffective assistance of state post conviction counsel may be grounds for reopening post conviction proceedings), *cert. denied*, 371 Md. 71, 806 A.2d 681 (2002). In addition to the one-petition limit, provisions of Maryland's Post Conviction Procedure Act stand as a possible bar to the presentation of claims that were raised or that could have been raised in earlier proceedings. *See* Md. Code Ann., Crim. Pro. Art., § 7-106(a) (2001)(provision regarding finally litigated claims); *Hernandez v. State*, 108 Md. App. 354, 361-65, 672 A.2d 103, 107-08 (1996) (construing concept of finally litigated), *aff'd*, 344 Md. 721, 690 A.2d 526 (1997); Md. Code Ann., Crim. Pro. Art., § 7-106(b) (2001) (waiver provisions of Maryland's Post Conviction Procedure Act); *State v. Rose*, 345 Md. 238, 691 A.2d 1314 (1997) (construing waiver provisions); *Hunt v. State*, 345 Md. 122, 691 A.2d 1255 (construing waiver provisions and concept of finally litigated), *cert. denied*, 521 U.S. 1131 (1997); *Walker v. State*, 343 Md. 629, 684 A.2d 429 (1996) (construing waiver provisions); *Oken v. State*, 343 Md. 256, 268-74, 681 A.2d 30, 36-38 (1996) (same), *cert. denied*, 519 U.S. 1079 (1997); *McElroy v. State*, 329 Md. 136, 617 A.2d 1068 (1993) (same); *Curtis v. State*, 284 Md. 132, 395 A.2d 464 (1978) (same).

In any event, ordinarily, and subject to certain time constraints, *see* Md. Rule 8-204, review from the denial of post conviction relief is by leave to appeal only to the Court of Special Appeals of Maryland. *See* Md. Code Ann., Crim. Pro. Art., § 7-109 (2001); *Sherman v. State*, 323 Md. 310, 311-12, 593 A.2d 670, 670-71 (1991) (confirming the absence of certiorari jurisdiction to grant post conviction relief where the Court of Special Appeals has simply denied an application for leave to appeal). Where, however, the Court of Special Appeals issues a decision that constitutes something other than a discretionary determination that there should be no appeal, the Court of Appeals of Maryland has jurisdiction to review the case further. *See Grayson v. State*, 354 Md. 1, 10-12, 728 A.2d 1280, 84-85 (1999).

In the present case, Respondents read Cooper's claims A and C to be restatements of claims that were raised on direct appeal in briefing before the Court of Special Appeals and by way of a petition for a writ of certiorari before the Court of Appeals. Thus, those claims are exhausted and ripe for federal habeas corpus review. Respondents read Cooper's Claim B to be a reassertion of his instructional error claim that was raised to both the Court of Special Appeals and the Court of Appeals, as well as a claim of ineffective assistance of trial counsel for failing to object to the allegedly inconsistent verdicts. Paper No. 1 at 7. Respondents read Cooper's claim D as similar to the claim presented on direct appeal; however, if he is not raising it for the first time, he certainly is broadening any constitutional challenge that was raised in state court. *Id*. On direct appeal to the court of Special Appeals, Cooper only suggested that evidence that he failed to turn himself into the police "may" implicate his Fifth Amendment rights. Exhibit 2 at 33. He made no mention, as he does in

his current petition, that the court's action violated his Sixth and Fourteenth Amendment rights. Paper No. 1 at 7.

Notwithstanding that Cooper in this Court challenges his trial counsel's performance and, arguably, asserts constitutional challenges not previously raised in state court, Cooper has not yet initiated state post conviction remedies in the Circuit Court for Baltimore City. *See* Paper No. 1; Exhibit 1.  Thus, he has yet to exhaust available state remedies, at least as to his claim that trial counsel performed ineffectively.  Respondents do not waive the exhaustion requirement.  Therefore, Cooper's current habeas petition should be dismissed unless Cooper affirmatively withdraws any asserted and unexhausted claim.[3]  *Rose v. Lundy*, 455 U.S. at 522.

---

[3] By so stating, Respondent does not concede that Cooper's present claims allege viable grounds for state post conviction relief or federal habeas corpus relief under 28 U.S.C. § 2254.

## VI.  CONCLUSION

For the foregoing reasons, and without holding a hearing, this Court should dismiss the petition for a writ of habeas corpus filed by Brian Christopher Cooper because the petition contains at least one claim that has not been exhausted.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General
Bar No. 27039

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland  21202
(410) 576-7964 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondent

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2010, a copy of the foregoing Answer to Petition for Writ of Habeas Corpus and Order to Show Cause (with exhibits), which was electronically filed on April 20, 2010, was mailed first class, postage prepaid, to Brian Christopher Cooper, #314-546, North Branch Correctional Institution, 14100 McMullen Highway, S.W., Cumberland, Maryland  21502.

.

_____/s/_____
EDWARD J. KELLEY
Assistant Attorney General