IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN CHRISTOPHER COOPER, #314-546 | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-10-224 |
| RICKY FOXWELL, Warden, THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Petitioner Brian Christopher Cooper[1] is challenging his conviction for first-degree murder in this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents assert the petition should be denied and dismissed. ECF Nos. 7, 41. Cooper filed a reply. ECF No. 43.

This case is ready for disposition. Upon review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 cases in the United States District Courts; Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the court will deny and dismiss the petition with prejudice.

### BACKGROUND

Cooper was convicted of the April 16, 2002, murder of Elliott Scott, who died of multiple stab wounds. ECF No. 7-4. On November 13, 2006, a jury sitting in the Circuit Court for Baltimore City found Cooper guilty of first degree murder. The jury acquitted Cooper on the charges of carrying a concealed dangerous weapon and openly carrying a dangerous weapon

---

[1] Cooper is incarcerated at Eastern Correctional Institution in Westover, Maryland.

with intent to injure. The court sentenced Cooper to serve life in prison. ECF No. 1, ECF No 7-4 pp. 2-7.[2]

## I. Direct Appeal

Cooper, through counsel, appealed his judgment of conviction to the Court of Special Appeals of Maryland, raising the following questions:

1) Did the trial court err in instructing the jury that it could return inconsistent verdicts;

2) Should the judgment in this case be reversed where the verdicts were inconsistent, defense counsel objected to an instruction condoning the inconsistent verdicts, and the Court of Appeals decision in *Price v. State,* [405 Md. 10 (2008)] was issued after the trial, but while this appeal was pending;

3) Did the trial court err in admitting as substantive evidence prior statements of a critical state's witness which did not, in substance, contradict the witness's trial testimony;

4) Was it error to refuse to admit the prior statements in their entirety under the doctrine of verbal completeness; and

5) Is a suspect's failure to turn himself in to the police admissible as evidence of consciousness of guilt.

ECF No. 1 p. 3.

On March 19, 2009, the Court of Special Appeals affirmed Cooper's conviction. ECF No. 7-4. The court held that Cooper's direct challenge to the consistency of the verdicts was not preserved for appellate review because no objection to the verdict was made at trial. ECF No. 7-4 pp. 7-8. Second, the court found that the trial court did not err in instructing the jury. *Id*. at 8-12. Third, the court found that the trial court erred partially with regard to admitting prior statements of a witness, but found this error harmless beyond a reasonable doubt. *Id*. at 12-18.

---

[2] In April, 2003, after a three-day jury trial in the Circuit Court for Baltimore City, Cooper was convicted first degree murder, carrying a dangerous weapon, and openly carrying a dangerous weapon with intent to injure. The Court of Special Appeals of Maryland reversed, holding that the circuit court erred in failing to suppress certain statements obtained in violation of Cooper's Miranda rights. *Cooper v. State*, 163 Md. App. 70, 84 (2005). He was re-tried as stated above.

Fourth, the court found that the trial court's decision not to admit the prior statements in their entirety was not an abuse of discretion. *Id*. at 18-21. Lastly, the court held that although the trial court abused its discretion by admitting evidence that Cooper knew he was a suspect in the case, the error was harmless beyond a reasonable doubt. *Id*. at 21-23.

Cooper filed a Petition for Writ of Certiorari, which the Court of Appeals of Maryland denied on June 19, 2009. ECF No. 7-5. In his Petition for Certiorari, Cooper raised essentially the same questions he presented to the Court of Special Appeals:

> 1) Whether the court erred in instructing the jury that it could return inconsistent verdicts;
>
> 2) Whether the judgment in this case should be reversed where the verdicts were inconsistent, defense counsel objected to an instruction condoning the inconsistent verdicts, and the Court of Appeals' Decision in *Price v. State* was issued after the trial while his appeal was pending;
>
> 3) Whether the court erred in admitting as substantive evidence prior statements of a critical state's witness which did not, in substance, contradict the witness's trial testimony;
>
> 4) Whether the court erred in refusing to admit the prior statements in their entirety under the "Doctrine of Verbal Completeness"; and
>
> 5) Whether the court erred in abuse of discretion in admitting evidence Cooper knew he was a suspect?

ECF No. 7-5 pp. 4-5.

## II. § 2254 Petition

Cooper filed this petition on January 28, 2010, presenting the following claims:

> 1) the jury verdicts were inconsistent;
>
> 2) the Court of Special Appeals should have reversed his convictions because trial counsel timely objected to inconsistent verdicts when "he objected to the jury instructions as being wrong," and "his trial counsel failed to object to the inconsistent verdict";
>
> 3) under the doctrine of verbal completeness the prior statement of a witness should have been admitted for the jury's review in its entirety; and

3

> 4) information about Cooper's failure to turn himself in was not admissible as consciousness of guilty, violated his rights under the Fifth, Sixth, and Fourteenth Amendments and should not have been presented to the jury.

ECF No. 1 p. 7; *see also* ECF No. 9 pp. 2-3.

On April 20, 2010, Respondents filed an Answer seeking dismissal of the petition for lack of exhaustion. ECF No. 7. Respondents also argued that Cooper's second and fourth claims were broader than the claims Cooper presented on direct appeal. Specifically, Respondents asserted that Cooper's second ground raised a new ineffective assistance of counsel claim which was unexhausted because the Sixth Amendment ground was not raised on direct appeal and his fourth ground raised new Sixth and Fourteenth Amendment claims which were unexhausted because Cooper only raised the claim under the Fifth Amendment on direct appeal. ECF No. 7 pp. 10-11.

In response, Cooper filed a motion to strike, seeking to withdraw the non-exhausted claims without prejudice. ECF No. 8. On June 14, 2010, the court addressed the exhaustion issue, placed Cooper on notice of the consequences of striking the unexhausted grounds and his available options, and granted him additional time to inform the court how he wished to proceed. ECF No. 9.

On June 23, 2010, Cooper filed a motion to stay. ECF No. 10. Cooper acknowledged that his ineffective assistance of counsel claims had not been exhausted in the state courts and he asked the court to exercise its discretion under *Rhines v. Weber*, 544 U.S. 269 (2005), to stay his case pending exhaustion of his claims on state post-conviction review. Cooper indicated that he was requesting assistance from the Office of the Maryland Public Defender Collateral Review Division in filing his post-conviction petition and would provide a quarterly update to the court "by way of status report any stipulation imposed by the court as to his progress." ECF No. 10 p. 2.

On July 7, 2010, after determining that there was good cause to stay this matter while Cooper completed state court review, the court dismissed the motion to strike as moot and granted the motion to stay. ECF No. 11. The court ordered review held in abeyance, administratively closed this case pending Cooper's exhaustion of state court remedies, and directed Cooper to file status reports at three-month intervals. ECF No. 11.

Cooper initially filed routine status reports. After December 1, 2014, however, he submitted one "progress report" and a show cause response, both in reply to court orders. ECF No. 32, 36. In correspondence received by the court on March 3, 2017, Cooper informed the court that he filed his post-conviction petition in September of 2016, and was waiting to hearing from the Office of the Maryland Public Defender. ECF No. 37. The state court docket indicates that Cooper's initial post-conviction petition was filed in June of 2011 and "withdrawn" on June 27, 2012. Cooper filed a second post-conviction petition on January 15, 2013, which was "closed" on August 29, 2016. Cooper's third post-conviction petition, filed on October 11, 2016, was "closed" on August 14, 2017. *See State v. Cooper*, Case Number 102161036 (Cir. Ct. for Balt. City).

The court lifted the stay and reopened the case on September 6, 2017. ECF No. 38. Respondents were directed to file a supplemental response addressing the grounds presented in the petition, which they did on November 17, 2017. ECF No. 41. In their supplemental response, Respondents aver that Cooper no longer has direct appeal or state post conviction remedies available in regard to the claims in his petition. ECF No. 41 p. 6. Cooper filed a reply on December 8, 2017. ECF No. 43. Because Cooper's reply indicated that he needed additional time to draft the reply due to his limited access to the prison library, the court issued an Order on May 21, 2018, granting him until June 15, 2018, to supplement the reply. ECF No. 44. Cooper did not file a supplement to his reply and the deadline for doing so has long expired.

**STANDARD OF REVIEW**

The court may grant a petition for a writ of habeas corpus only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Violations of state law which do not infringe on specific federal constitutional protections are not cognizable under § 2254. *See Estelle v. McGuire*, 502 U.S. 62 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir.1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review").

Habeas petitions are examined under a deferential standard of review. The habeas statute provides:

> A federal court reviewing a habeas petition that has already been adjudicated on the merits in state court [must] give considerable deference to the state court decision. A federal court may not grant habeas relief unless the state court arrived at a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Nicolas v. Atty. Gen. of Maryland*, 820 F.3d 124, 129 (4th Cir. 2016) (internal quotation marks and citation omitted) (quoting 28 U.S.C. § 2254(d). The habeas court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and the court "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id.*

A state court's decision is contrary to established federal law when the state court has arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or confronted facts that are "materially indistinguishable from a relevant Supreme Court" case but nevertheless arrived at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005); *Barnes v. Joyner*, 751 F.3d 229, 238 (4th Cir.

2014).  A federal court "may not issue the writ simply because [the Court] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Lovitt*, 403 F.3d at 178 (quoting *Williams*, 529 U.S. at 411).  The state court's application of federal law must be unreasonable, not merely incorrect.  *Id*.; *see Barnes*, 751 F.3d at 238–39 (state court's decision is an unreasonable application of clearly established federal law when the state court identifies the correct governing principle but unreasonably applies that principle to the facts; application of federal law must be objectively unreasonable, not merely incorrect).

Further, procedurally defaulted claims are not subject to substantive federal habeas corpus review unless certain exceptions apply to excuse the procedural default.  A claim is procedurally defaulted when a petitioner has failed to present it to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim.  *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (quoting *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) ).  Procedural default also occurs when a state court declines to consider the merits of a claim on the basis of an adequate and independent state procedural rule.  *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted.").  Procedural default may be excused if a petitioner can demonstrate (1) both cause for the procedural default and that he will suffer prejudice if the claims are not considered on their merits; or (2) failure to consider the defaulted claim(s) would result in a miscarriage of justice, *i.e.* the conviction of someone who is actually innocent of the offenses.  *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Gray,* 806 F.3d at 709; *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998).

## DISCUSSION

Respondents argue that Cooper's first three claims are not cognizable and otherwise fail on the merits. Additionally, they argue that Cooper's first, second and fourth grounds claims are procedurally defaulted[3] because, when Cooper had the opportunity to raise them before the appropriate state courts on appeal, he did not do so. ECF No. 41, pp. 9-12.

### I. Inconsistent Jury Verdicts (Claims One and Two)

Cooper claims: 1) the trial court committed error by accepting inconsistent verdicts under *Price v. State*, 405 Md. 10 (2008) and 2) the Court of Special Appeals should have reversed his conviction on the grounds of inconsistent verdicts because trial counsel objected to the jury instructions although trial counsel failed to object to the inconsistent verdict.

The trial transcript shows that shortly after the jury retired for deliberations, it sent a question to the court asking whether it could find Cooper not guilty on the weapons charges (counts three and four) and find him guilty on the first degree murder charge (count one).

> THE COURT: [] We were asked this question, "If we find him not guilty on three and four, but number one hold up a guilty verdict, if we so decide." Let's answer the question this way—
>
> MR. MURPHY[4]: Can I see the question again? That is a simple answer. But, I would ask you not to give that simple answer.
>
> THE COURT: What would you like to see (unclear)?
>
> MR. MURPHY: Reinstruct on one, two, three and four or rely on your memory of what I instructed you as to the law.
>
> THE COURT: Alright, I am going to overrule the defense objection and allow this to go back upstairs. Thank you.

Transcript, ECF No. 41-3 p. 230.

---

[3] The court granted Cooper time to respond to assertions of procedural default. ECF No. 42. He disputes his claims are procedurally defaulted but provides no facts in support or to excuse his default. ECF No. 43.
[4] Brian Murphy, Esq. represented Cooper at trial. ECF No. 41-1.

8

On direct appeal, Cooper claimed the jury verdict was inconsistent and impermissible in light of the Court of Appeals of Maryland's then recent decision in *Price*, 405 Md. 10, which held that inconsistent verdicts would no longer be permitted in criminal cases. ECF No. 7-2 p. 13, ECF No. 7-4. The Court of Appeals made the holding applicable to "similarly situated cases on direct appeal where the issue was preserved." *Price*, 405 Md. at 29. Cooper argued that if it was error to accept inconsistent verdicts over defense counsel's objection, then it was error to instruct the jury, over defense counsel's objection, that it may return inconsistent verdicts. ECF No. 7-2 at 12. The Court of Special Appeals rejected Cooper's claim because defense counsel did not object to the verdict after it was announced by the jury, counsel had objected only to the court's jury instructions. The court noted that that although Cooper's case was on direct appeal at the time *Price* was decided, defense counsel did not preserve the issue for review by objecting when the verdict was announced. ECF No. 7-4 p. 9.

Cooper's second claim of error was that the trial court erred by instructing the jury in a manner to permit inconsistent verdicts. ECF No. 7-4 p. 10. The Court of Special Appeals found counsel's objection sufficient to preserve this issue for review. ECF No. 7-4 p. 10. The court determined that the circuit court did not commit error by instructing the jury that they could acquit on the weapons charges and convict on the murder charge because the inconsistency in this case was factual, rather than legal. ECF No. 7-4 pp. 11-13. The Court of Special Appeals' opinion reads in part:

> We agree that the inconsistency in this case is factual, rather than legal. We examine the elements of the crimes Cooper was accused of:
>
>> Murder is the killing of one human being by another with the requisite malevolent state of mind and without justification, excuse, or mitigation. These qualifying malevolent states of mind are: 1) the intent to kill, 2) the intent to do grievous bodily harm, 3) the intent to do an act under the circumstances manifesting

extreme indifference to the value of human life (depraved heart),
or 4) the intent to commit a dangerous felony.

*Ross v. State*, 308 Md. 337, 340 (1987) (citation omitted). In addition, to prove first-degree murder, the State had to prove that the murder was "willful, deliberate, and premeditated." Md. Code (2002), Criminal Law Article ("CL"), § 2-201(a). Cooper was acquitted of a violation of CL § 4-IOI(c)(l), which provides that: "A person may not wear or carry a dangerous weapon of any kind concealed on or about the person." He was also acquitted of violating CL § 4-101(c)(2), which provides: "A person may not wear or carry a dangerous weapon … openly with the intent or purpose of injuring an individual in an unlawful manner." The circuit court instructed the jury that:

> A dangerous weapon is any object that, based on how it is carried or used, is capable of causing death or serious bodily injury, such as a knife or club. An object may be dangerous even though not specifically designed or made for the destruction of life or bodily injury, if it is capable of causing serious bodily harm.

This instruction is compatible with the Maryland Pattern Jury Instruction on the topic. *See* MPJI-Cr 4:35.1. *Accord, Brooks v. State*, 314 Md. 585, 600 (1989) ("for an instrument to qualify as a dangerous or deadly weapon under § 488, the instrument must be (1) designed as 'anything used or designed to be used in destroying, defeating, or injuring an enemy, or as an instrument of offensive or defensive combat,'" *Bennett v. State,* 237 Md. [212,] 214-215 [(1964)]; (2) under the circumstances of the case, immediately useable to inflict serious or deadly harm (*e.g.*, unloaded gun or starter's pistol useable as a bludgeon); or (3) actually used in a way likely to inflict that sort of harm (*e.g.*, cord used as a garrote"). Although this definition is quite broad, it does not include parts of the human body. Therefore, because a murder can be effected with one's "bare hands" it is not legally inconsistent for a jury to convict the defendant of first-degree murder but acquit that same defendant of weapons charges.

ECF No. 7-4 p. 13.

Inconsistent jury verdicts are permitted in federal criminal prosecutions. *See United States v. Powell*, 469 U.S. 57 (1984). The states need not follow this practice. *See Edwards v. Bishop*, Civil Action No. RDB-15-1888, 2017 WL 193186 *9-10 (January 18, 2017). Cooper's first and second claims are based on state law precedent. As such, they do not state a cognizable claim on federal habeas review. To the extent Cooper intends to raise a Sixth Amendment ineffective assistance claim based on trial counsel's failure timely to object to the inconsistent

10

verdicts, Cooper did not raise this claim during post-conviction proceedings or does not provide cause to excuse his failure to do so. Thus, the ineffective assistance claim is procedurally defaulted. For these reasons, the court finds no grounds to award habeas relief based on claims one or two.

## II. Admission of Prior Statements (Claim Three)

Cooper's third claim is that the trial court violated the doctrine of verbal completeness[5] by not admitting the prior statements of a witness Tony Alexander in its entirety. ECF No. 1 p. 3. Alexander testified he is a hack driver who often transported Cooper. Transcript, ECF No. 41-2 p. 154. Alexander testified that on the night of the incident, Cooper was riding in his car. Cooper got out of the car and started arguing with the victim Scott. Transcript, ECF No. 41-2 pp. 159-162. Alexander observed Scott start to run away and Cooper chased him into an alley. ECF No. 41-2 pp. 175. As Alexander started to drive off, Cooper came from behind a building and returned to the car. Alexander drove Cooper home. Transcript, ECF No. 41-2 pp. 178-70. Later, in the early morning hours after the incident, Alexander learned that Scott had been killed. He did not contact the police, however.

The police contacted Alexander, who on April 26, provided a taped statement describing what he had observed on April 16th. Transcript, ECF No. 41-2 pp. 184-186. Alexander indicated that there was one occasion before he gave the statement to Detective Ritz when he saw the

---

[5] The Court of Special Appeals, quoting *Conyers v State*, 345 Md. 525, 540-41 (1997), described Maryland's doctrine of verbal completeness, as described in the Court of Special Appeals' decision is as follows:

> Maryland's doctrine of verbal completeness is partially codified, at least as to timing, in Maryland Rule 5-106, which reads: When a part or all of a writing or recorded statement is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

ECF No. 7-4 p. 20.

Appellant, and at that time he had told the Appellant that he was a suspect in the murder. According to Alexander, Cooper replied that he knew that. Transcript, ECF No. 41-2 pp. 189-193.

At trial, Alexander testified that he later heard that Scott had been stabbed, but he did not come forward because he did not want to get involved. Transcript, ECF No. 41-2 p. 188. During Alexander's testimony, the prosecution moved to introduce portions of a taped statement Alexander made to police on April 26, 2002, and parts of his testimony from the first trial. Over defense counsel's objection, the trial court admitted two portions of Alexander's prior out-of-court statements as substantive evidence, finding he was reluctant to testify. Transcript, ECF No. 41-2 pp 192.

Cooper argued on direct appeal that the statements were not actually inconsistent and therefore inadmissible as substantive evidence under Maryland Rule 5-802. ECF No. 7-2 p. 22-32; ECF No. 7-4 p. 14. Cooper also claimed that the trial court erred by refusing to admit the statements in their entirety, contrary to Maryland's doctrine of verbal completeness. ECF No. 7-2 p. 32. The Court of Special Appeals examined Alexander's statements, finding the admission harmless error. The court ruled:

> The first statement was initially inconsistent, but the State used Alexander's earlier statement to refresh his recollection. As a result, the jury was already aware of the existence and content of the earlier statement, so there was no harm in admitting it. In addition, there was testimony from Brown [another witness] about the confrontation between Cooper and Scott. The second statement, which indicated that people hung out in the alley, actually helped the defense, because their theory of the case was that someone else in the alley stabbed Scott.

ECF No. 7-4 p. 19.

Evidentiary rulings such as those at issue here are generally considered state law matters. *See Estelle,* 502 U.S. at 72; *Spencer v. Murray,* 5 F.3d 758, 763 (4th Cir. 1993) (denying a claim regarding the reliability of evidence, which invoked neither a constitutional provision nor a

constitutional right, because of the failure to state a federal claim); *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (discussing a state court's evidentiary ruling must implicate a habeas petitioner's federal constitutional rights to be cognizable for federal habeas review). Even if the admission of evidence were improper, it would only violate a defendant's constitutional rights if the ruling "by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Cooper does not make such a showing. Accordingly, this claim provides no basis for federal habeas relief.

### III.     Admission of Evidence Regarding Consciousness of Guilt (Fourth Claim)

Lastly, Cooper claims that failure to turn himself in was not admissible as consciousness of guilt and admission of the evidence, violated his rights under the Fifth, Sixth, and Fourteenth Amendments and should not have been presented to the jury. Respondents counter that Cooper did not present these constitutional claims on direct appeal; thus, they are procedurally defaulted. Respondents argue that, to the extent Cooper is reasserting the claim he presented on direct appeal, the claim he raised was predicted on state law, and therefore is not cognizable on federal habeas review. ECF No. 41 at 11.

Cooper claimed on direct appeal that the trial court erred in admitting the following testimony by Tony Alexander:

> Q. Mr. Alexander, when you gave this ride to the Defendant, do you recall whether it was before or after you spoke with Detective Ritz on April 26, 2002?
>
> A. I think it was before.
>
> Q. And when you spoke with the defendant before April 26, 2002, did the Defendant say anything to you with regard to his involvement in the killing of Elliott Scott?
>
> \*\*\*
>
> A. I told him he was a suspect.

13

> Q. Did he indicate whether he knew, prior to your telling him he was a suspect, that he was, in fact, a suspect in the killing of Elliott Scott?
>
> MR. MURPHY: Objection.
>
> THE COURT: Overruled, you may answer.
>
> A. He said he knew he was a suspect.

ECF No. 7-4 at 22-23. The Court of Special Appeals rejected Cooper's claim of error, stating:

> This testimony is not quite what the prosecutor was seeking, because it is unclear whether Alexander told Cooper he was a suspect and Cooper indicated that he already knew, or whether Cooper volunteered that he was a suspect in Scott's murder. Or, the jury could have interpreted the testimony to mean that Cooper only knew he was a suspect because Alexander told him.
>
> In any event, the testimony had no relevance to show consciousness of guilt. The mere fact that one is a suspect does not require that one "turn himself in;" indeed, police would have had no basis to detain Cooper until they had enough evidence to establish probable cause. Presumably, police obtained the arrest warrant when they reached this evidentiary threshold. Simply going about his life is not remotely equivalent to flight, which has been held to show consciousness of guilt. *See, e.g., Carter v. State*, 10 Md. App. 50, 55 (1970). Nor does this scenario constitute an admission by silence, because the fact that he was a suspect was true, and Alexander did not testify that he suggested to Cooper that he thought Cooper actually committed the crime. *See Miller v. State*, 231 Md. 215, 218 (1963) ("if a statement is made by another person in the presence of a party to the action, be it civil or criminal, containing assertions of facts which, if untrue, the party would under all the circumstances naturally be expected to deny, his failure to speak is circumstantial evidence that he believes the statements to be true, and his conduct is thus receivable against him as an admission of such belief.") (Citations omitted).
>
> The testimony could have marginal relevance to show that Cooper had knowledge of the crime, although there was testimony that some neighbors were in the area when police arrived at the scene, and Cooper could have heard about the crime from someone in the neighborhood. Given the fact that this evidence was marginally relevant at best, and potentially prejudicial, we conclude that the circuit court abused its discretion in admitting it. *See United States v. Foutz*, 540 F.2d 733, 740 (4th Cir. 1976) ("The inference that one who flees from the law is motivated by consciousness of guilt is weak at best, and the district court properly recognized that the strength of the inference is further attenuated when the defendant has not actively sought to avoid capture.") We nevertheless hold that the error was harmless beyond a reasonable doubt. The fact that Cooper knew he was a suspect suggests knowledge of the police investigation, not the crime itself.

> There was a great deal of circumstantial evidence in this case showing Cooper was guilty, and this case did not turn on this testimony. We, therefore, affirm Cooper's conviction.

ECF No. 7-4 pp. 23-24.

Cooper's claim of evidentiary error is premised on state law and provides no grounds for the award of federal habeas relief. Further, as Respondents correctly note, constitutional error is harmless when "it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Neder v. United States*, 527 U.S. 1, 15 1999) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). In *Mitchell v. Esparza*, 540 U.S. 12, 17–18 (2003), the Supreme Court opined that, where a state court found a constitutional error harmless, habeas relief could not be granted unless the state court applied harmless-error review in an "objectively unreasonable" manner. In Cooper's case, the state court provided a well-reasoned harmless error analysis explaining why the trial court's error had no impact on the verdict. Cooper's guilt was supported the evidence adduced at trial. This claim provides no grounds for relief under 28 U.S.C. § 2254(d).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Cases states that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773. When a petition is denied on procedural grounds, the

petitioner meets this standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Cooper has not made the requisite showing. Therefore, the court declines to issue a Certificate of Appealability. Cooper may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For these reasons, the court will by separate order deny and dismiss the petition and decline to issue a Certificate of Appealability.


November 20, 2019               _____/s/_____
                                DEBORAH K. CHASANOW
                                United States District Judge